[Cite as *State v. Staton*, 2014-Ohio-5131.]

COURT OF APPEALS
KNOX COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | |
| | : | Hon. William B. Hoffman, P.J. |
| Plaintiff-Appellee | : | Hon. Sheila G. Farmer, J. |
| | : | Hon. Patricia A. Delaney, J. |
| -vs- | : | |
| | : | Case No. 14CA13 |
| | : | |
| DARREN STATON | : | |
| | : | |
| | : | |
| Defendant-Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:     Appeal from the Mount Vernon
                             Municipal Court, Case No. 13CRB928


JUDGMENT:                    AFFIRMED


DATE OF JUDGMENT ENTRY:      November 13, 2014


APPEARANCES:

For Plaintiff-Appellee:                 For Defendant-Appellant:

P. ROBERT BROEREN, JR.                  JOEL R. ROVITO
MOUNT VERNON LAW DIRECTOR               7538 Slate Ridge Blvd.
BRITTANY A. WHITNEY                     Reynoldsburg, OH 43068
5 North Gay St., Suite 222
Mount Vernon, OH 43050

*Delaney, J.*

{¶1} Appellant Darren Staton appeals the April 30, 2014 Judgment Entry of the Mount Vernon Municipal Court convicting and sentencing him upon one count of menacing. Appellee is the state of Ohio.

### FACTS AND PROCEDURAL HISTORY

{¶2} Delbert Hawk and Sylvia Hawk were once married and have two children together. They are now divorced and, at the time of this incident, were involved in custody proceedings. Appellant is Sylvia Hawk's boyfriend. Jennifer Hawk is Delbert's new wife.

{¶3} On August 12, 2013, the parties complained to the Knox County Sheriff's Department about threatening texts made against each other. Deputy Selby did not take a formal report but told the parties to stay away from each other.

{¶4} On August 14, 2013, Jennifer contacted Deputy Selby about an incident which occurred at a high school football scrimmage. Selby took a report, gathered witness statements, and forwarded the matter to the law director's office for review.

{¶5} The following evidence is adduced from appellant's trial to the court.

{¶6} The parties were at a high school football scrimmage in Howard, Ohio. Families and children were present. Delbert and Jennifer were seated four or five rows up from the bottom of the bleachers with Delbert and Sylvia's two children. Appellant walked past the family along the bottom of the bleachers and said to Delbert several times, "I'm going to f-ing smash you."

{¶7} Delbert and Jennifer testified that upon leaving the game, they discovered someone wrote "Delbert is gay" in the dirt on Delbert's truck.

{¶8} A witness and her family were sitting near the bottom of the bleachers and heard appellant's statements; they took note of the language because they found the wording "I'm going to smash you" amusing. The witness turned around and realized appellant was threatening Delbert. The witness did not hear Delbert say anything to appellant.

{¶9} Testifying on appellant's behalf, Sylvia Hawks stated she and appellant walked past Delbert in the bleachers. Delbert called appellant an "a-hole" and appellant stated "If you mess with me, I'm going to smash you."

{¶10} Appellant testified at trial. He said Delbert was trying to belittle him and make him look like a fool. When Delbert called him a "f-ing a-hole," appellant admittedly responded "If you mess with me, I'll smash you."

{¶11} Appellant and Sylvia both denied writing "Delbert is gay" in the dirt on Delbert's truck and appellant described this act as "immature."

{¶12} Appellant was charged by criminal complaint with one count of menacing pursuant to R.C. 2903.22(A), a misdemeanor of the fourth degree. Appellant entered a plea of not guilty and the case proceeded to bench trial. The trial court found appellant guilty as charged and sentenced him to a jail term of 30 days with all but two suspended on the conditions that he pay a fine and court costs, have no similar offenses for 2 years, and successfully completes an anger-management program.

{¶13} Appellant now appeals from the judgment entry of his conviction and sentence.

{¶14} Appellant raises two assignments of error:

**ASSIGNMENTS OF ERROR**

{¶15} "I. THE EVIDENCE IS INSUFFICIENT TO SUPPORT APPELLANT'S CONVICTION FOR MENACING."

{¶16} "II. APPELLANT'S CONVICTION FOR MENACING IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE."

**ANALYSIS**

{¶17} Appellant's two assignments of error are related and will be considered together. He argues his menacing conviction is against the manifest weight and sufficiency of the evidence. We disagree.

{¶18} The legal concepts of sufficiency of the evidence and weight of the evidence are both quantitatively and qualitatively different. *State v. Thompkins*, 78 Ohio St.3d 380, 1997-Ohio-52, 678 N.E.2d 541, paragraph two of the syllabus. The standard of review for a challenge to the sufficiency of the evidence is set forth in *State v. Jenks*, 61 Ohio St.3d 259, 574 N.E.2d 492 (1991) at paragraph two of the syllabus, in which the Ohio Supreme Court held, "An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt."

{¶19} In determining whether a conviction is against the manifest weight of the evidence, the court of appeals functions as the "thirteenth juror," and after "reviewing

the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the [finder of fact] clearly lost its way and created such a manifest miscarriage of justice that the conviction must be overturned and a new trial ordered." *State v. Thompkins*, supra, 78 Ohio St.3d at 387. Reversing a conviction as being against the manifest weight of the evidence and ordering a new trial should be reserved for only the "exceptional case in which the evidence weighs heavily against the conviction." *Id.*

{¶20} Appellant was found guilty of one count of menacing. R.C. 2903.22(A) states:

> No person shall knowingly cause another to believe that the offender will cause physical harm to the person or property of the other person, the other person's unborn, or a member of the other person's immediate family. In addition to any other basis for the other person's belief that the offender will cause physical harm to the person or property of the other person, the other person's unborn, or a member of the other person's immediate family, the other person's belief may be based on words or conduct of the offender that are directed at or identify a corporation, association, or other organization that employs the other person or to which the other person belongs.

{¶21} Reviewing the evidence in the light most favorable to appellee we find every element of menacing. Appellant argues the deputy's investigation of the incident was insufficient, the unbiased witness could not identify appellant, and the Hawkses'

testimony about the details of the incident was inconsistent. We note, however, appellant admitted making the statement, "If you mess with me, I'll smash you." This statement was corroborated by appellant's wife. Appellee's witnesses testified to the same threat, albeit without the conditional language.

{¶22} The minor deficiencies in the evidence appellant points to go to the credibility of the witnesses, which was for the trial court to resolve. The weight of the evidence and the credibility of the witnesses are determined by the trier of fact. *State v. Yarbrough*, 95 Ohio St.3d 227, 231, 2002-Ohio-2126, 767 N.E.2d 216, ¶ 79. We find appellant's menacing conviction is supported by sufficient evidence and is not against the manifest weight of the evidence.

{¶23} Any rational trier of fact could have found the essential elements of menacing proven beyond a reasonable doubt. Nor is this the exceptional case in which the evidence weighs heavily against a conviction. Appellant's two assignments of error are therefore overruled.

**CONCLUSION**

{¶24} Appellant's two assignments of error are overruled and the judgment of the Mount Vernon Municipal Court is affirmed.

By:  Delaney, J. and

Hoffman, P.J.

Farmer, J., concur.